**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4512**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GREGORY LAMAR LOGAN, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Loretta C. Biggs, District Judge. (1:18-cr-00158-LCB-1)

Submitted: February 18, 2020                     Decided: February 20, 2020

Before MOTZ, HARRIS, and QUATTLEBAUM, Circuit Judges.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, John A. Duberstein, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant. Kyle David Pousson, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gregory Lamar Logan, Jr., pleaded guilty to possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (2018), and was sentenced to 60 months in prison, the statutory minimum term. Logan appeals, and his counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning the reasonableness of his sentence. Although notified of his right to do so, Logan has not filed a pro se supplemental brief. The Government has moved to dismiss the appeal based on the appeal waiver contained in Logan's plea agreement. We affirm in part and dismiss in part.

We review the validity of an appeal waiver de novo. *United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012). A defendant validly waives his appeal rights if he agrees to the waiver knowingly and intelligently. *United States v. Manigan*, 592 F.3d 621, 627 (4th Cir. 2010). "To determine whether a waiver is knowing and intelligent, we examine the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement." *Thornsbury*, 670 F.3d at 537 (internal quotation marks omitted). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the Fed. R. Crim. P. 11 colloquy, the waiver is both valid and enforceable. *Id.*

Our review of the Rule 11 colloquy confirms that Logan knowingly and voluntarily pleaded guilty and waived his right to appeal his conviction and sentence on any ground, but for claims of ineffective assistance of counsel and prosecutorial misconduct, and any sentence imposed above the statutory maximum or based on unconstitutional factors.

2

Because none of those exceptions to the waiver applies here, we conclude that the appeal waiver bars any challenge to the reasonableness of Logan's sentence. Accordingly, we grant the Government's motion to dismiss in part and dismiss the appeal as to Logan's sentencing claim and any other issues within the scope of the waiver.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal that fall outside the scope of Logan's appeal waiver. We therefore dismiss the appeal in part and affirm the district court's judgment as to any issues not barred by the appeal waiver. This court requires that counsel inform Logan, in writing, of the right to petition the Supreme Court of the United States for further review. If Logan requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Logan.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*